OPINION
{¶ 1} On January 17, 2002, appellant, Kimberly Keil, was charged with one count of domestic violence in violation of 2919.25. Said charge arose from an incident on January 15, 2002 involving appellant's mother, Naomi Thompson.
 {¶ 2} A jury trial commenced on May 28, 2003. The jury found appellant guilty. The trial court sentenced appellant to sixty days in jail, suspended in lieu of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred by admitting photographs taken by the alleged victim's husband of the alleged victim's purported injuries."
 I {¶ 5} Appellant claims the trial court erred in admitting photographs of the victim's injuries as the photographs were not properly authenticated. We disagree.
 {¶ 6} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 7} Pursuant to Evid.R. 104, "Preliminary questions concerning the * * * admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B)" regarding relevancy. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901.
 {¶ 8} We are unable to review appellant's arguments herein vis-á-vis Evid.R. 901 because a transcript of the trial court's proceedings is not included in the file. In Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following:
 {¶ 9} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 10} The sole assignment of error is denied.
The judgment of the Municipal Court of Morrow County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Morrow County, Ohio is affirmed.