[Cite as *State v. Ellis*, 2011-Ohio-5646.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellee, | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 11-COA-015 |
| ZACHARY L. ELLIS, | : | |
| | : | |
| | : | |
| Appellant. | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Ashland Municipal Court
Case No. 10 CRB 1364AB

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     October 31, 2011

APPEARANCES:

For Plaintiff-Appellee:

W. DAVID MONTAGUE
Assistant Director of Law
1213 East Main Street
Ashland, Ohio 44805

For Defendant-Appellant:

THOMAS L. MASON
Mason, Mason & Kearns
153 W. Main Street
Ashland, Ohio 44805

*Delaney, J.*

{¶ 1} Defendant-Appellant Zachary L. Ellis was convicted and sentenced on March 21, 2011 in the Ashland Municipal Court on misdemeanor charges. He timely appeals and raises one assignment of error:

{¶ 2} "I. THE TRIAL COURT ERRED BY DISMISSING THE APPELLANT'S MOTION TO SUPPRESS WITHOUT A HEARING. THIS ERROR MAY NOT BE REFLECTED IN THE RECORD.

{¶ 3} On December 18, 2010, Appellant was charged with Obstruction of Official Business, in violation of R.C. 2921.31(A), and Possession of Marijuana, in violation of Ashland City Ordinance 513.03(C)(2). He timely filed a Motion to Suppress on January 28, 2011. Handwritten docket entries reflect the motion was set for hearing on four occasions: February 1; February 17; February 23 and March 11, 2011. The hearing was reset for various reasons including a death in Appellant's family, a conflict with a visiting judge and Appellant's incarceration in another county.

{¶ 4} On March 11, 2011, a journal entry reflects the motion was dismissed. The record does not reflect any reason for the dismissal or if any party had requested a continuance of the hearing date. Thereafter, Appellant pled no contest to the charges. He was found guilty and sentenced to 90 days in jail.

{¶ 5} On appeal, Appellant argues the trial court erred in dismissing the Motion to Suppress without a hearing. He contends the trial court could have rescheduled the last scheduled hearing; issued a warrant for the Appellant's arrest for failure to appear at the hearing or could have conducted the hearing without the presence of the Appellant.

{¶ 6} Plaintiff-Appellee State of Ohio asserts that since Appellant acknowledges in his brief that he failed to appear for the March 11, 2011, it was appropriate for the trial court to dismiss the motion for want of prosecution. The State also contends a transcript of the March 11, 2011 hearing is necessary for this Court to decided Appellant's assignment of error and the Appellant's failure to provide the transcript warrants an affirmance.

{¶ 7} In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶ 8} App.R. 9(B) also provides, in part, that " * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶ 9} In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."

{¶ 10} Appellant has not provided a transcript of the March 11th hearing on Appellant's motion to suppress. Without a transcript, we must presume the regularity of the trial court's proceeding on the motion. The record only reflects the motion was

dismissed, no reasoning for the dismissal is revealed by the record nor have the parties submitted an App.R. 9 (C) statement if the transcript was not available.  The reasoning for the trial court's dismissal is unknown to this Court and we cannot speculate or make assumptions as to the trial court's actions.  The parties have not cited, and this Court has not found, legal authority which would require the trial court to take any of the steps suggested by Appellant.  Additionally, we would note a trial court has a right to control its own docket, and may dismiss  actions and motions for lack of prosecution if warranted under the proper circumstances.

{¶ 11} For the foregoing reasons, the judgment of the Ashland Municipal Court is affirmed.


Gwin, P.J. and Edwards, J. concur.


_____
PATRICIA A. DELANEY


_____
W. SCOTT GWIN


_____
JULIE A. EDWARDS

[Cite as *State v. Ellis*, 2011-Ohio-5646.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Appellee, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ELLIS, | : | |
| | : | |
| Appellant. | : | Case No. 11-COA-015 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland Municipal Court is affirmed.  Costs assessed to Appellant.

_____
PATRICIA A. DELANEY


_____
W. SCOTT GWIN


_____
JULIE A. EDWARDS