[Cite as *State ex rel. Perrine v. Grooms*, 2013-Ohio-3299.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO EX REL. SHARON PERRINE, ZONING INSPECTOR, PIKE TOWNSHIP | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2012CA00155 |
| | : | |
| LOUIS GROOMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2006CV03879


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      July 15, 2013


APPEARANCES:

For Plaintiff-Appellee:

CHARLES D. HALL III
Hall Law Firm
610 Market Ave. N.
Canton, OH 44702

For Defendant-Appellant:

LOUIS C. GROOMS, PRO SE
8860 Cleveland Ave. SE
Magnolia, OH 44643

*Delaney, J.*

{¶1}   Appellant Louis Grooms appeals from the July 19, 2012 judgment entry of the Stark County Court of Common Pleas finding him in contempt of court.  Appellee is the State of Ohio ex rel. Pike Township Zoning Inspector Sharon Perrine.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The parties to this action have a long and litigious history.  Appellee has brought numerous statutory nuisance abatement and court enforcement actions against appellant to require him to bring his property into compliance with the Pike Township Zoning Resolution.

{¶3}   Appellant owns three parcels of land in Pike Township, Stark County, Ohio, within an area zoned B-2 Commercial Business District.  Appellee's repeated complaints against appellant stem from the condition of his property, which contains "scrap, trash, and debris" and effectively constitutes a junk or salvage yard, not a permitted use in a B-2 Commercial Business District.

{¶4}   This case originated with appellee's complaint for injunction in 2006 and went through a number of iterations of show-cause hearings and findings of contempt until appellant was yet again ordered to abate nuisance conditions on February 27, 2012.  Appellant did not comply; appellee abated the nuisance and filed another motion to show cause, plus a request that the trial court visit the property.

{¶5}   On June 22, 2012, the trial court notified the parties by order that it would make an unannounced visit to the property, and did so while appellant was present.

{¶6}   On July 5, 2012, an evidentiary hearing was held.  The trial court acknowledged he had visited appellant's property.   The evidentiary hearing included

testimony, exhibits, photographs, and arguments of counsel.  On July 19, 2012, the trial court found appellant in contempt of its prior orders and assessed a $1000 fine plus an additional fine of $100 per day for every day of noncompliance in addition to costs incurred by appellee to abate the nuisance conditions.

{¶7}   Appellant now appeals from the July 19, 2012 judgment entry of the trial court.

{¶8}   Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9}   "I.  THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSABLE (*SIC*) ERROR IN PLACING THE BURDEN OF PROOF UPON APPELLANT TO PROVE HE WAS NOT IN CONTEMPT OF COURT."

{¶10} "II.   THE TRIAL COURT ERRED AS A MATTER OF LAW AND ITS RULING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE SUBSTANTIAL TESTIMONY AND EVIDENCE WAS INTRODUCED TO ESTABLISH THAT APPELLANT HAD PURGED HIMSELF OF THE ORIGINAL CONTEMPT AND WAS IN COMPLIANCE WITH THE AGREED JUDGMENT ENTRY OF THE PARTIES."

{¶11} "III.  THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING APPELLANT IN CONTEMPT OF COURT FOR NON-SPECIFIC VIOLATIONS OF THE AGREED JUDGMENT ENTRY OF THE PARTIES ENTERED ON MAY 23, 2007."

**ANALYSIS**

{¶12} Appellant's three assignments of error arise from the trial court's findings in light of the evidentiary hearing held on July 5, 2012, and will be addressed together.

Appellant has not requested or filed a transcript of the July 5 hearing which resulted in the judgment entry on appeal.

{¶13} In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶14} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶15} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶16} As noted, appellant has not provided a transcript of the show cause hearing which began on July 5, 2012. Without a transcript, we must presume the regularity of the trial court's proceeding on the motion. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2.

**CONCLUSION**

{¶17} Appellant's three assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Wise, P.J.

Baldwin, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN


PAD:kgb