[Cite as *State v. Lovett*, 2015-Ohio-5509.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|     Plaintiff-Appellee | : | |
| | : | Hon. William B. Hoffman, P.J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| JOSHUA LOVETT | : | |
|     Defendant-Appellee | : | Case No. 15-CA-28 |
| | : | |
| -and- | : | |
| | : | |
| CASTLE BAIL BONDS | : | |
|     Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County
Municipal Court, Case No. 14 CRB 2316


JUDGMENT:                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:        December 30, 2015


APPEARANCES:

For Plaintiff-Appellee State of Ohio:        For Appellant Castle Bail Bonds:

CAROLINE J. CLIPPINGER              BLAISE KATTER
40 West Main St.                       792 Sheridan Ave.
Newark, OH 43055                  Columbus, OH 43209

*Delaney, J.*

{¶1}   Appellant Castle Bail Bonds ("Castle") appeals from the March 30, 2015 Judgment Entry of the Licking County Municipal Court declaring forfeiture of defendant-appellee Joshua Lovett's bond and rendering judgment in favor of appellee state of Ohio in the amount of $5,000.  Lovett is not a party to this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Lovett was charged with several offenses in the Licking County Municipal Court and was given a $5000 surety bond at arraignment.  Appellant Castle Bail Bonds posted the bond on November 25, 2014.

{¶3}   On February 4, 2015, Lovett failed to appear for bench trial.  The trial court issued a Judgment Entry ordering the Clerk to issue a warrant for Lovett's arrest and that the case should be set for bond forfeiture hearing, which was duly scheduled for March 6, 2015.

{¶4}   The file contains a letter from Castle to the trial court filed on March 6, 2015.  The letter states Lovett is currently incarcerated on new charges in Franklin County and "[d]ue to [Lovett's] current incarceration, Castle Bail Bonds would like to request that it be removed from [Lovett's] bond."

{¶5}   On March 30, 2015, the trial court journalized a Judgment Entry stating the bond forfeiture hearing scheduled for March 6 went forward and Lovett failed to appear but the surety, through agent Eric Castle, did appear.  The entry notes Castle submitted the paperwork regarding Lovett's incarceration and states as follows:

* * * *.

The Court has reviewed the records from the Franklin County Common Pleas Court and learned that the same surety posted bond on the defendant's behalf in Case No. 14CR-4467 on October 7, 2014. This occurred prior to the surety posting the defendant's bond in the case at bar on November 25, 2014. The Court finds that the surety was aware at the time the bond in this case was posted that the defendant was facing a possible prison sentence for the pending felonies in Franklin County.

* * * *.

{¶6} The trial court went on to find Castle failed to surrender Lovett in advance of his appearance date and Lovett failed to appear as ordered, but Castle assumed the risk that Lovett's appearance could not be secured in light of the pending felony charges in Franklin County. Therefore, pursuant to R.C. 2937.40, the trial court declared forfeiture of the bond and rendered judgment against Castle in the amount of $5,000.

{¶7} On April 23, 2015, Castle filed a Motion to Reconsider Bond Forfeiture and the trial court overruled the motion the next day.

{¶8} Castle now appeals from the judgment entry of the trial court dated March 30, 2015.

{¶9} Castle raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED BY NOT HAVING A SHOW-CAUSE HEARING BEFORE ENTERING JUDGMENT AGAINST CASTLE BAIL BONDS."

{¶11} "II. THE TRIAL COURT ERRED BY NOT ALLOWING CASTLE BAIL BONDS TO BE DISCHARGED FROM THE BOND UPON WRITTEN APPLICATION."

**ANALYSIS**

I.

{¶12} In its first assignment of error, Castle argues the trial court erred in failing to schedule a show-cause hearing following its declaration of the forfeiture of the bond. We agree.

{¶13} An appellate court reviews a trial court's bond forfeiture decision using an abuse of discretion standard of review. *State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 9. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} R.C. 2937.35(C) describes the process to be followed upon declaration of bond forfeiture and states in pertinent part with regard to sureties:

> As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not

be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶15} In this case, upon the declaration of forfeiture the trial court proceeded to enter judgment against Castle. Pursuant to the statute, Castle should have been given the opportunity to show cause why judgment should not be entered against it. We therefore find the trial court abused its discretion in prematurely entering judgment against Castle.

{¶16} Appellant's first assignment of error is sustained and this matter is remanded to the trial court for the purpose of a show cause hearing as described in R.C. 2937.35(C).

II.

{¶17} In its second assignment of error, appellant argues the trial court should have permitted Castle to be removed from the bond. In light of our finding in the first assignment of error, this argument is premature because it remains to be seen what decision will result from the show cause hearing.

{¶18} We also note that the trial court's judgment entry states a bond forfeiture hearing was held on March 6, 2015. In this assignment of error, Castle argues about evidence presented at that hearing and arguments made before the trial court. We have not been provided with the record of the hearing, however.

{¶19} In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶20} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶21} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶22} Appellant has not provided a transcript of the bond forfeiture hearing on March 6.[1] Without a transcript, we must presume the regularity of the trial court's proceeding. *State v. Ellis*, 5th Dist. Ashland No. 11-COA-015, 2011-Ohio-5646, *2.

---

[1] We note in the motion to reconsider Castle stated no hearing took place because the bailiff told Eric Castle, the agent, that the trial court was unavailable. The same motion also states, though, that Castle submitted the relevant documentation of Lovett's incarceration *at the hearing*. We are constrained by the record before us, or rather, lack thereof.

{¶23} Although we concluded in our discussion of the first assignment of error that the trial court abused its discretion in failing to schedule a show-cause hearing, we are not prepared to reach the merits of whether Castle should be released from the bond on the record before us.

{¶24} Castle's second assignment of error is thus overruled.

**CONCLUSION**

{¶25} Castle's first assignment of error is sustained and its second assignment of error is overruled as premature.  The trial court's judgment of March 30, 2015 entering judgment against Castle is reversed and this matter is remanded for a show cause hearing.

By:  Delaney, J. and

Hoffman, P.J.

Baldwin, J., concur.