[Cite as *State v. Fate*, 2017-Ohio-8969.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 17CAC030022 |
| | : | |
| ROBERT A. FATE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal
                                 Court, case no. 17CRB00295


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          December 11, 2017


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MELISSA A. SCHIFFEL                         JAMES S. SWEENEY
CITY OF DELAWARE                            341 South Third St., Suite 100
70 North Union St.                          Columbus, OH 43215
Delaware, OH 43015

*Delaney, P.J.*

{¶1}   Appellant Robert A. Fate appeals from the March 14, 2017 judgment entry of the Delaware Municipal Court.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   The following facts are adduced from the criminal complaint filed January 30, 2017 in the Delaware Municipal Court.

{¶3}   On or about January 29, 2017, appellant struck the victim, his spouse, in the neck and pushed her to the ground twice.  Appellant then attempted to choke the victim by placing his hands around her neck and squeezing, causing injury.  The offense caused alarm to minor children in the house who witnessed the incident.

{¶4}   Appellant was charged by criminal complaint with one count of domestic violence pursuant to R.C. 2919.25(A), a misdemeanor of the first degree; one count of assault pursuant to R.C. 2903.13(A), a misdemeanor of the first degree; and one count of disorderly conduct pursuant to R.C. 2917.11(A), a minor misdemeanor.  Appellant entered pleas of not guilty; the matter proceeded to trial by jury; and appellant was found guilty as charged.  Appellant was sentenced to a jail term of 45 days.

{¶5}   Appellant now appeals from the judgment entry of conviction and sentence.

*Note on the Appellate Record*

{¶6}   The record does not contain a transcript of the proceedings in this case, including the jury trial.  On September 8, 2017, after both parties briefed the matter, appellant moved this Court to supplement the record with a transcript of the jury trial, noting "***a CD/DVD copy of appellant's trial has been made available," but "a written

transcript has not yet been completed." Appellee filed a motion in opposition. We denied appellant's motion to supplement the record on September 18, 2017.

{¶7} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶8} "THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE APPELLANT WHEN THE JUDGMENT WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

{¶9} Appellant argues his convictions are against the manifest weight and sufficiency of the evidence. Because we have not been provided with a transcript of the proceedings pursuant to App.R. 9(A), we disagree and affirm.

{¶10} In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶11} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶12} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is

necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶13} Appellant has not provided a transcript of the jury trial which began on March 17, 2017.  Without a transcript, we must presume the regularity of the trial court's proceeding.  *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2; see, *State v. Keil*, 5th Dist. Morrow No. 03CA0012, 2004-Ohio-5004 [Court of Appeals unable to review domestic violence conviction when transcript not provided].

{¶14} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶15} Appellant's sole assignment of error is overruled and the judgment of the Delaware Municipal Court is affirmed.

By:  Delaney, P.J.,

Wise, John W. and

Baldwin, J., concur.