OPINION
{¶ 1} On May 17, 1995, appellant, Sharon Bates, pled guilty to one count of theft in violation of R.C. 2913.02. By judgment entry filed June 23, 1995, the trial court sentenced appellant to one year in prison, suspended in lieu of probation. Appellant was released from probation on June 3, 1997.
 {¶ 2} On February 26, 2003, appellant filed a motion for the expungement and sealing of records. A hearing was held on August 18, 2003. By judgment entry filed September 29, 2003, the trial court denied said motion. Appellant appealed. By opinion and judgment entry filed May 4, 2004, this court reversed and remanded the matter to the trial court for findings pursuant to R.C. 2953.32(C). See, State v. Bates, Ashland App. No. 03-COA-057, 2004-Ohio-2260.
 {¶ 3} Upon remand, the trial court again denied the motion. See, Judgment Entry filed June 9, 2004.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court committed prejudicial error by denying the appellant's request to have her record sealed."
 I {¶ 6} Appellant claims the trial court erred in denying her motion to expunge and seal her records pursuant to R.C. 2953.32. Specifically, appellant claims the trial court's denial was based upon the nature of the offense and not the statutory requirements. We agree.
 {¶ 7} R.C. 2953.32 governs sealing of record for a first offense. Subsection (C) states the following:
 {¶ 8} "(C)(1) The court shall do each of the following:
 {¶ 9} "(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as a first offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not a first offender; if the court does not make that determination, the court shall determine that the offender is a first offender.
 {¶ 10} "(b) Determine whether criminal proceedings are pending against the applicant;
 {¶ 11} "(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 {¶ 12} "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 13} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."
 {¶ 14} On May 4, 2004, this court specifically remanded the matter to the trial court to comply with the above cited statute:
 {¶ 15} "As noted above, a trial court must make the necessary findings required by R.C. 2953.32 and weigh the interests of the parties to the expungement and cannot deny the motion for expungement because of the nature of the offense. In the case sub judice, it is clear from both the oral and written record that the trial court denied appellant's motion based on the nature of her offense, which the trial court found to be one of addiction. The statute requires that the trial court determine if this specific defendant has been rehabilitated to the satisfaction of the court. Even if we accept the trial court's belief that once an addict, always an addict, the trial court has failed to address whether this particular defendant has been rehabilitated to the extent that she is able to control her behavior and, thus manage her addiction. Thus, the trial court applied the wrong standard in reviewing appellant's Motion for the Expungement and Sealing of Records." State v. Bates, Ashland App. No. 03-COA-057, 2004-Ohio-2260, at ¶ 26.
 {¶ 16} In response to this court's remand, the trial court entered the following judgment entry on June 9, 2004:
 {¶ 17} "For the reasons set forth by this Court on the record at the hearing on August 18, 2002 (sic), this Court specifically finds that the Defendant has not been rehabilitated to the satisfaction of this Court, and, therefore, the within Motion for the Expungement and Sealing of Records is hereby OVERRULED."
 {¶ 18} The evidence before the trial court was that appellant had gone to Gamblers Anonymous for three years, felt she was rehabilitated, maintained steady employment and made full restitution. August 18, 2003 T. at 4. From this evidence, the trial court found she had been rehabilitated:
 {¶ 19} "You are to be commended for your efforts. Your recovery and your rehabilitation has been exemplary. * * * Your story is a tribute to an individual who has recognized the problem and dealt with it in an exemplary fashion." Id. at 10.
 {¶ 20} We find the trial court's statements from the evidence presented at the August 18, 2003 hearing to be inconsistent with the determination on remand. Specifically, we find the trial court disregarded its own opinion and statements without any evidence to support its conclusion.
 {¶ 21} Upon review, we find the trial court erred in denying appellant's motion to expunge and seal her records.
 {¶ 22} Assignment of Error I is granted.
 {¶ 1} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby reversed. This court orders the expungement and sealing of appellant's records forthwith.
Farmer, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is reversed. This court orders the expungement and sealing of appellant's records forthwith.