[Cite as *State v. A.V.*, 2019-Ohio-1037.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 18CA011315 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| A.V. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 05CR069276 |

DECISION AND JOURNAL ENTRY

Dated: March 25, 2019

CALLAHAN, Judge.

{¶1} Appellant, A.V., appeals from the judgment of the Lorain County Court of Common Pleas denying his motion to seal his record of conviction. This Court affirms.

I.

{¶2} This is A.V.'s second appeal arising from his motion to seal his record. In the first appeal, we concluded that A.V.'s conviction was not excluded from sealing pursuant to R.C. 2953.36(A)(2) and reversed the trial court's denial of A.V.'s motion to seal. *State v. A.V.*, 9th Dist. Lorain No. 17CA011138, 2018-Ohio-785, ¶ 16-17. The matter was remanded to the trial court for further consideration and ruling on A.V.'s motion for sealing. *Id.* at ¶ 17.

{¶3} Upon remand, the State filed another brief in opposition and the trial court held a second hearing on the motion. Similar to the first hearing, counsel for A.V. and the State only presented oral arguments. Following the second hearing, the trial court denied A.V.'s motion for

sealing his record of conviction. A.V. timely appeals from this judgment entry, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [A.V.'S] MOTION TO SEAL HIS CONVICTION FOR ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR, O.R.C. []2923.02(A)/[]2907.04(A), IMPORTUNING[,] AND POSSESSION OF CRIMINAL TOOLS.

**{¶4}** In his sole assignment of error, A.V. argues that the trial court abused its discretion when it denied his motion to seal his conviction because it failed to consider whether A.V. was rehabilitated and to weigh A.V.'s interest in having his record sealed against the State's legitimate interest. This Court disagrees.

**{¶5}** Initially, we note the State's assertion that the trial court reached the correct result when it denied the motion for sealing because A.V.'s conviction is exempt from sealing pursuant to R.C. 2953.36(A)(6).[1] Assuming without deciding that A.V.'s conviction is not excluded under this subsection, we conclude that the trial court did not abuse its discretion in denying A.V.'s motion to seal under R.C. 2953.32(C)(1) due to A.V.'s failure to produce evidence or testimony regarding his rehabilitation and his interest in having his record sealed.

**{¶6}** An appellate court reviews a trial court's discretionary determinations in the disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 6. *See State v. Ralich*, 9th Dist. Summit No. 27484, 2015-Ohio-1437, ¶ 6, 8-9 (abuse of discretion standard applied to the trial court's findings regarding the applicant's rehabilitation and balancing the

---

[1] The State raised this argument for the first time in this appeal.

applicant's and the government's interests in having the record of conviction sealed.). "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶7} R.C. 2953.32(C)(1)[2] provides for an applicant to have his record of conviction sealed if the trial court finds him to be an eligible offender, there are no pending criminal proceedings, he has been rehabilitated to the satisfaction of the court, his interest in having his record sealed are not outweighed by any legitimate governmental need to maintain the record of conviction, and the trial court considers the government's reasons for opposing the application. R.C. 2953.32(C)(1)(a)-(e). In his assignment of error, A.V. focuses on the trial court's denial of his application based upon the criteria of rehabilitation and weighing his interest against the government's interest. We will limit our analysis accordingly.

{¶8} Upon the filing of the application, the trial court must set the matter for a hearing, notify the prosecutor of the hearing, and direct the probation department to "make inquiries and written reports" regarding the applicant. R.C. 2953.32(B). The Ohio Supreme Court has explained that sealing proceedings are non-adversarial. *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996). *See State v. Simon*, 87 Ohio St.3d 531, 533 (2000). The primary purpose of a sealing hearing is the gathering of information in order to provide the trial court with all the

---

[2] R.C. 2953.32 has undergone multiple amendments since the filing of A.V.'s application on February 8, 2017. "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus. S.B. 143's amendments were effective between September 19, 2014 and April 5, 2017. Am.Sub.S.B. No. 143, 2014 Ohio Laws File 140. Accordingly, we must review this matter based upon the provisions of the sealing statutes as they existed on February 8, 2017, the date that A.V. filed his motion.

relevant information regarding the applicant's compliance with the sealing criteria. *Hamilton* at 640; *Simon* at 533. The trial court gathers this information from not only the applicant, but also the prosecutor and the probation department. *Hamilton* at 640. *See* R.C. 2953.32(B). Due to the non-adversarial nature of the sealing proceedings, the Rules of Evidence do not apply to these statutory proceedings. *Simon* at 533, citing Evid.R. 101(C)(7).

**{¶9}** While the Rules of Evidence do not apply, the trial court nonetheless must have evidence or testimony upon which to base its sealing decision. *See In re Thomasson*, 10th Dist. Franklin No. 79AP-761, 1980 WL 353245, *3 (Jan. 29, 1980). An applicant has the burden of establishing his rehabilitation and that his privacy interest is equal to or outweighs the government's interest to maintain the record of conviction. *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 30, 32.[3] This burden is met by presenting evidence or testimony supporting the application. *See id*. at ¶ 30. The applicant fails to meet this burden when he merely recites that he complied with the statutory requirements. *See id.* at ¶ 24, quoting *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443, 01AP-1444, 2002-Ohio-5008, ¶ 9; *In re Application for Sealing of Record of Brown*, 10th Dist. Franklin No. 07AP-715, 2008-Ohio-4105, ¶ 13. Further, counsel's oral arguments at the sealing hearing do not serve as evidence. *See Shaffer* at ¶ 19, 21, quoting *State v. Haney*, 70 Ohio App.3d 135, 138-139 (10th Dist.1991). When an applicant fails to present evidence or testimony, the trial court does not abuse its

---

[3] We note that *Shaffer* involved a sealing application filed under R.C. 2953.32, but relied heavily upon cases wherein the sealing applications were filed under R.C. 2953.52. The Ohio Supreme Court and this Court, along with other sister districts, have recognized that the provisions of R.C. 2953.52 and R.C. 2953.32 are analogous. *See State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 16; *State v. Wyatt*, 9th Dist. Summit No. 25775, 2011-Ohio-6738, ¶ 14; *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 10, fn. 2; *State v. Bates*, 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260, ¶ 24.

discretion in denying the application for sealing. *Shaffer* at ¶ 31, 33-34. *See State v. Curth*, 5th Dist. Perry No. 01-CA-12, 2001 WL 1673571, *3 (Dec. 20, 2001); *Newton* at ¶ 9.

{¶10} At the hearing in this matter, the trial court began by asking A.V.'s counsel "is there anything you'd like me to know beyond your motion, memorandum, attachments, and the report provided by the probation department?" In response, A.V.'s counsel presented argument to the trial court wherein he "reiterate[d]" A.V.'s age, the terms of the sentence which he completed without incident, A.V.'s progress in obtaining his bachelor's degree, the fact that he completed culinary school and obtained certifications in the culinary field, and his employment status for the past six years. A.V.'s counsel further argued in favor of A.V.'s rehabilitation and his interest in sealing his record:

> I think it's fair to say that this was a youthful indiscretion. [A.V.] accepted responsibility by pleading to the charge way back when. I would submit that he has served his punishment, he has been successfully rehabilitated, and that the interest in sealing this record outweigh[s] any societal interest in not sealing it. Quite simply, [A.V. is] looking to put this behind him and move on in a positive way with his career.

This was the totality of A.V.'s presentation to the trial court at the hearing.

{¶11} "Evidence of rehabilitation normally consists of an admission of guilt and a promise to never commit a similar offense in the future, or good character or citizenship in the community since the conviction." *State v. Evans*, 10th Dist. No. 13AP-158, 2013-Ohio-3891, ¶ 11. We recognize that A.V.'s trial counsel referenced points that would have been relevant to A.V.'s rehabilitation. However, counsel's statements are not evidence. *See Shaffer*, 2010-Ohio-6565, at ¶ 19, 21, quoting *Haney*, 70 Ohio App.3d at 138-139. While A.V. was present at the hearing, he did not testify, nor did he present any other witness testimony as to these relevant rehabilitation facts. *See Shaffer* at ¶ 33.

{¶12} Additionally, A.V. failed to present any documentary evidence, either before or during the hearing, to support his rehabilitative efforts. While the trial court referenced A.V.'s motion and the attachments, A.V.'s motion did not reference any attachments, nor does the record reflect any attachments filed with A.V.'s motion. Further, A.V.'s motion did not address his rehabilitation and his interest in sealing his record. Instead, A.V.'s motion only addressed his status as an eligible offender, his convictions not being exempt by statute, and that he had no pending criminal charges. As for the probation report, although the trial court referenced this document at the beginning of the hearing, the report is not a part of the record for our consideration and we are left to "'presume regularity in the trial court's proceedings[.]'" *See State v. Shelton*, 9th Dist. Lorain No. 14CA010670, 2015-Ohio-2982, ¶ 8, quoting *State v. Taylor*, 9th Dist. Lorain Nos. 13CA010366, 13CA010367, 13,CA010368, 13CA010369, 2014-Ohio-2001, ¶ 6.

{¶13} A.V. contends that the hearing was "perfunctory" and the trial court did not give "any meaningful consideration of [A.V.'s] rehabilitative efforts, status in life, educational achievements[,] and employment situation[]" and instead focused only on the nature of the offenses. While the hearing was brief, there is nothing in the hearing transcript to indicate that the trial court prohibited A.V. from testifying or in any way limited A.V.'s presentation of evidence during the hearing. Instead, the record reflects that A.V. relied solely on his counsel's oral arguments.

{¶14} Any impression of the hearing being "perfunctory" stems from A.V.'s lack of presentation of evidence and testimony and not from any conduct by the trial court. The trial court could not engage in "any meaningful consideration of [A.V.'s]" rehabilitation in its journal entry, because there was no such testimony or evidence before it to consider. Based upon the

lack of testimony and evidence in the record, A.V. failed to demonstrate his rehabilitation and the trial court did not abuse its discretion in denying the motion to seal his record of conviction. *See Shaffer*, 2010-Ohio-6565, at ¶ 33; *Curth*, 2001 WL 1673571, at *3.

**{¶15}** Similarly, A.V. also failed to present any evidence that his interest in having his record sealed was equal to or outweighed the government's interest in maintaining his record. *See Shaffer* at ¶ 30. Generally, evidence about the applicant's career goals and the applicant's efforts to achieve those goals is relevant in weighing the applicant's interest against the government's interest. *See id.* at ¶ 31 (No abuse of discretion in denying a motion to seal because applicant did not actually testify about his interest or intention to attend the police academy or become a police officer.).

**{¶16}** A.V. asserts that the "trial court didn't weigh the interests of [A.V.] in having his record of conviction sealed, to further his education and career, and simply took the interests of the [S]tate as legitimate." Again, A.V. relied solely upon his counsel's arguments made during the hearing, which is not evidence. *See Shaffer* at ¶ 19, 21, quoting *Haney*, 70 Ohio App.3d at 138-139. While A.V. was present at the hearing, he did not testify or present evidence of his career goals and his efforts towards obtaining those career goals. *See Shaffer* at ¶ 31. Thus, the trial court could not weigh A.V.'s interest in its journal entry because there was no evidence of A.V.'s interest before it. *See State v. Porter*, 10th Dist. Franklin No. 14AP-158, 2014-Ohio-4068, ¶ 13.

**{¶17}** Based upon the lack of testimony and evidence in the record, A.V. failed to demonstrate that his interest in sealing his record was equal to or greater than the government's interest in maintaining his record. Thus, we conclude that the trial court did not abuse its

discretion in denying the motion to seal A.V.'s record of conviction. *See Shaffer* at ¶ 31; *Curth*, 2001 WL 1673571, at *3.

**{¶18}** A.V.'s assignment of error is overruled.

III.

**{¶19}** A.V.'s assignment of error is overruled. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

KENNETH M. LIEUX, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.