[Cite as *State v. N.C.*, 2020-Ohio-777.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

v.

N.C.

     Appellant

C.A. No.     29240

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2010-08-2244

DECISION AND JOURNAL ENTRY

Dated: March 4, 2020

CARR, Presiding Judge.

{¶1} Appellant N.C. appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this opinion.

I.

{¶2} In 2010, N.C. was indicted in two separate cases; however, only one of those cases is relevant to this appeal. *See State v. [N.C.]*, 9th Dist. Summit Nos. 26185, 26186, 2013-Ohio-1215, ¶ 5. In that case, N.C. was indicted on ten counts of pandering sexually oriented matter involving a minor. *See id.* He filed a motion to suppress, challenging the warrant the police relied upon to seize the computer from his home. *See id.* The trial court held a suppression hearing and ultimately denied the motion. *See id.* Subsequently, the case was tried to the bench, and the judge found N.C. guilty on all counts. *See id.* Thereafter, the trial court sentenced N.C. *See id.*

{¶3} N.C. appealed, and this Court concluded that the trial court did not err in denying his motion to suppress. *Id.* at ¶ 19. The Supreme Court reversed this Court's decision, finding the search warrant to be invalid and suppressing the evidence obtained in executing the warrant. *State v. [N.C.]*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 1. Upon remand to the trial court, the convictions in the pandering case were vacated and the case was dismissed.

{¶4} On November 8, 2016, N.C., through counsel, filed a motion pursuant to R.C. 2953.52 to seal the records in the case. Without holding a hearing, the trial court denied N.C.'s motion on November 16, 2016. The docket does not indicate the ruling was ever served upon the parties. N.C. did not appeal the judgment.

{¶5} On November 30, 2016, through a different attorney, N.C. filed another motion to seal his record pursuant to R.C. 2953.52 and requested a hearing. The trial court, in its order scheduling a hearing, ordered the State to file and serve any response to the motion prior to the hearing.

{¶6} At the first hearing, the trial court acknowledged that N.C. had filed the first motion to seal and that it was improperly denied without a hearing. The trial court then stated "[s]o that is why the Court has reconsidered and that's why we're here today." The trial court then informed the State that because it had not filed objections to the application for sealing prior to the hearing, it could not object at the hearing. However, the trial court continued the hearing so that the State could file written objections and N.C. could respond if necessary. N.C. objected to the continuance.

{¶7} The State filed objections and N.C. filed a response. Ultimately, a hearing was held on N.C.'s motion to seal his record on October 1, 2018. The trial court thereafter denied the motion. In so doing, the trial court stated, "[i]n this matter there is only one real issue and this is

whether [N.C.'s] interest in having the official records of this case sealed outweigh the interests of the State in having them remain unsealed. The other issues that a trial court has to resolve pursuant to R.C. 2953.52 are not in dispute."

{¶8} N.C. appealed and now raises three assignments of error for our review. Upon review of the record, this Court questioned whether the current appeal was barred by res judicata in light of the denial of N.C.'s first motion to seal his record, which was never appealed. N.C. filed a response to our order, arguing that review of his arguments was not barred by res judicata. The State did not file a response.

{¶9} After careful consideration, we conclude that review of the merits of N.C.'s appeal is not barred by res judicata. Pursuant to res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). "The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Commr. of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948). Here, given that N.C. maintains the ability to appeal from the denial of his first motion in light of the trial court's failure to comply with Civ.R. 58(B), and that the trial court has already expended resources in holding a hearing on his second motion, it would not be in the interests of judicial economy or efficiency to bar consideration of the merits of his appeal. In fact, res judicata is a rule that "is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice." (Internal quotations and citations omitted.) *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 25.

{¶10} Moreover, the parties were aware at the hearings on the second motion to seal that N.C. had previously filed a similar motion and it was denied. Yet, the State did not seek at that time to invoke the doctrine of res judicata, nor did the State address the issue in response to our show cause order. *See State v. Prade*, 9th Dist. Summit No. 24296, 2009-Ohio-704, ¶ 9, fn. 1.

{¶11} Thus, we proceed to address the merits of N.C.'s appeal.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [N.C.] IN APPLYING THE WRONG STANDARD FOR THE SEALING OF A DISMISSED CASE.

{¶12} N.C. argues in his second assignment of error that the trial court applied the wrong standard in denying his motion.

{¶13} Because the issue before the Court involves the interpretation of a statute, our review is de novo. *See Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6.

{¶14} R.C. 2953.52(A)(1) provides in relevant part that, "[a]ny person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case."

(1) Upon the filing of an application pursuant to [R.C. 2953.52(A)], the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by

section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

R.C. 2953.52(B)(1)-(2).

{¶15} Pursuant to R.C. 2953.52(B)(4),

[i]f the court determines, after complying with [R.C. 2953.52(B)(2)], that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreperson or deputy foreperson of the grand jury; that no criminal proceedings are pending against the person; *and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records*, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, in addition to the order required under division (B)(3) of this section, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.

(Emphasis added.)

{¶16} Given the language in the statute, "[t]he burden is on appellant to demonstrate that his interest in having the records sealed [is] equal to or greater than the government's interest in maintaining those records." *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443, 01AP-1444, 2002-Ohio-5008, ¶ 9; *see also State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 9, citing *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 30, 32.

Here, the trial court concluded that the issue was "whether [N.C.'s] interests in having the official records of this case sealed outweigh the interests of the State in having them remain unsealed." The trial court determined N.C. failed to meet his burden "of establishing that his interests in having the records sealed outweigh the interests of the state in having them remain open to the public." Thus, the trial court applied an incorrect standard. Assuming the other prongs of the statute were satisfied, if the trial court determined that N.C. had demonstrated that his interests were equal to or greater than those of the State, the trial court was required to grant his motion. *See* R.C. 2953.52(B)(4). Here, the trial court only determined that N.C. had not demonstrated that his interests were greater than those of the State.

{¶17} N.C.'s second assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF [N.C.] BY SUA SPONTE HALTING THE SEALING HEARING, OVER APPELLANT'S OBJECTION IN ORDER TO ALLOW THE STATE TO FILE WRITTEN OBJECTIONS TO [N.C.'s] SEALING APPLICATION IN DEROGATION OF R.C. 2953.52(B)(1). (Emphasis omitted.)

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [N.C.'s] APPLICATION TO SEAL HIS DISMISSED CASE.

{¶18} N.C. argues in his first assignment of error that the trial court erred in continuing the hearing and allowing the State to file objections after the date of the first hearing. N.C. asserts in his third assignment of error that the trial court abused its discretion in denying his motion to seal the records in the case.

{¶19} Given this Court's ruling as to N.C.'s second assignment of error, we conclude that these assignments of error are not properly before us at this time and we decline to address them.

III.

{¶20} This Court sustains N.C.'s second assignment of error and the remaining assignments of error are not properly before us at this time. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.