[Cite as *State v. Andrews*, 2021-Ohio-1445.]

STATE OF OHIO        )             IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

STATE OF OHIO                        C.A. No.     20CA0059-M

      Appellee

      v.                             APPEAL FROM JUDGMENT
                                  ENTERED IN THE
DERREK ANDREWS              COURT OF COMMON PLEAS
                                  COUNTY OF MEDINA, OHIO
      Appellant              CASE No.    20CR0041

DECISION AND JOURNAL ENTRY

Dated: April 26, 2021

---

CALLAHAN, Judge.

{¶1} Appellant, Derrek Andrews, appeals an order that sentenced him for a violation of community control. This Court affirms.

I.

{¶2} Mr. Andrews pleaded no contest to a charge of domestic violence. On May 6, 2020, the trial court sentenced him to community control, required him to refrain from contact with the victim, and informed him that any violation of the terms of his community control would result in an eighteen-month prison sentence. With respect to the terms of his community control sanction, the trial court's order described residential and non-residential components:

> If accepted into CBCF, [Mr. Andrews] shall complete treatment and is to be transported to CBCF when a bed becomes available. If [Mr. Andrews] successfully completes CBCF then supervision will terminate.
>
> * * *
>
> [Mr. Andrews] is placed under the supervision of the Medina County Adult Probation Department for three (3) years, under general supervision. While under

supervision [Mr. Andrews] shall obey all conditions and terms of supervision imposed by the Medina County Adult Probation Department.

Two days later, the trial court journalized two further orders: The first ordered Mr. Andrews to be transported to the Lorain/Medina County Community Based Correctional Facility and provided that he was "ordered to successfully complete the [CBCF] program as a condition of [his] community sanctions." The second reiterated this requirement and stated that "[Mr. Andrews] will continue to be under supervision following discharge from the Lorain/Medina County [CBCF]."

{¶3} On August 19, 2020, Mr. Andrews' probation officer filed a statement alleging that Mr. Andrews had violated the terms of his community control by having contact with the victim prior to and during his participation in CBCF. Mr. Andrews admitted the violation, and the trial court imposed the eighteen-month prison sentence for the domestic violence conviction. The next day, Mr. Andrews moved the trial court to reconsider its sentence, arguing that because he had successfully completed CBCF before the community control violation was filed, he was no longer subject to supervision under the terms of the trial court's May 6, 2020, order. According to Mr. Andrews, the trial court had authority to entertain the motion to reconsider his sentence because this error rendered the sentence on his community control violation void. The trial court denied the motion to reconsider, and Mr. Andrews filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PRISON SENTENCE FOR [MR. ANDREWS] ON [A] COMMUNITY CONTROL VIOLATION.

{¶4} In his sole assignment of error, Mr. Andrews argues that the trial court erred by imposing the eighteen-month prison sentence because, according to the terms of the May 6, 2020,

order, his period of supervision ended before notice of the community control violation was filed. Mr. Andrews has not argued that his sentence is otherwise inappropriate.

{¶5} Mr. Andrews' argument is premised on his interpretation of the order that sentenced him to community control and the assumption that his discharge from CBCF constituted successful completion of the program. Specifically he maintains that pursuant to the sentencing order, successful completion of the residential portion of his community control sentence eliminated the nonresidential component, supervision by the probation department. His argument appears to be that the trial court lacked authority to consider the community control violation, as he argued in his motion for reconsideration.

{¶6} We need not consider these issues because Mr. Andrews' argument fails for another reason: there is no evidence in the record that he did, in fact, successfully complete CBCF. Mr. Andrews admitted the community control violation. Consequently, this matter did not proceed to a hearing during which evidence was presented to substantiate the violation, nor did the parties present evidence regarding whether Mr. Andrews successfully completed CBCF. The record is silent on that point apart from the representation of Mr. Andrews' attorney that it was counsel's "understanding" that he "did successfully complete Lorain/Medina CBCF [and] that he was discharged[.]" Counsel's statements are not evidence, however. *See State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 11, citing *State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-6565, ¶ 19, 21. Moreover, the trial court's statements during sentencing call the accuracy of counsel's "understanding" into question:

> Well, Mr. Andrews, one of the conditions of your supervision while you were at the CBCF is that you not have any contact with the victim, and it appears that a minimum of 14 letters were written during that time.
>
> You deliberately engaged in subterfuge so that you would not be caught, communicating when you were not supposed to. * * *

So at this time, I'm going to find that while you were at CBCF, you violated the terms and conditions of your supervision resulting in this probation violation for which I'm going to impose the original prison term of 18 months[.]

**{¶7}** This Court's review is necessarily constrained by the evidence that is in the record. Thus, even assuming Mr. Andrews' interpretation of the trial court's sentencing entry is correct, this Court cannot conclude that the trial court lacked authority to proceed on the community control violation. Mr. Andrews' assignment of error is overruled on that basis.

III.

**{¶8}** Mr. Andrews' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

JOCELYN STEFANCIN and KIMBERLY STOUT-SHERRER, Attorneys at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.