[Cite as *State v. N.C.*, 2022-Ohio-781.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

N. C.

    Appellant

C.A. No.    29775

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 08 2244

DECISION AND JOURNAL ENTRY

Dated: March 16, 2022

TEODOSIO, Presiding Judge.

{¶1}  Appellant, N.C., appeals from the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}  In September of 2010, N.C. was indicted on ten counts of pandering sexually oriented matter involving a minor.  Following the denial of his motion to suppress, the matter proceeded to a bench trial at which N.C. was convicted on all ten counts.  In a split decision, this Court affirmed those convictions on appeal.  *See State v. [N.C.]*, 9th Dist. Summit Nos. 26185 and 26186, 2013-Ohio-1215 ("*N.C. I*").  The Supreme Court, also in a split decision, reversed this Court's decision, holding that the search warrant in this case was invalid and that the evidence obtained in executing the warrant must be suppressed.  *State v. [N.C.]*, 145 Ohio St.3d 1, 2015-Ohio-1565, ¶ 1.  Upon remand, the trial court vacated N.C.'s convictions and the case was dismissed on July 31, 2015.

{¶3} N.C. filed a motion to seal his record on November 8, 2016, which the trial court denied without a hearing, despite the language of R.C. 2953.52(B)(1) (mandating that the court *shall* set a date for a hearing upon the filing of an application to seal the record). N.C. filed a second motion to seal his record on November 30, 2016, and the trial court, agreeing that the first motion to seal had been improperly denied without a hearing, set a hearing date in accordance with R.C. 2953.52(B)(1). A two-day continuance of the hearing was later granted at the State's request. In open court on the new hearing date, the trial court, over N.C.'s objection, ordered another continuance to permit the State to file any written objections to the sealing and to allow N.C. to then respond accordingly. After the State filed its written objection, N.C. filed a response. The matter was continued a couple more times, but a sealing hearing was finally held on October 1, 2018. Following the hearing, the trial court took the matter under advisement. In a journal entry filed on October 16, 2018, the court denied N.C.'s motion to seal his records. In its entry, the court erroneously stated that the only real issue is "whether [N.C.'s] interests in having the official records of this case sealed outweigh the interests of the State in having them remain unsealed."

{¶4} N.C. appealed, and this Court reversed and remanded the matter for further proceedings, concluding that the trial court applied an incorrect standard, under R.C. 2953.52(B)(4), when weighing N.C.'s interests in having the records sealed against any legitimate needs of the government to maintain those records. *State v. N.C.*, 9th Dist. Summit No. 29240, 2020-Ohio-777, ¶ 16, 20 ("*N.C. II*"). Upon remand, the parties agreed to forego a new hearing, and the trial court instead reviewed the original transcript of the sealing hearing, the parties' respective briefs, this Court's decision in *N.C. II*, and the relevant law. The court then issued a journal entry on June 8, 2020, denying N.C.'s motion to seal the record.

{¶5}    N.C. now appeals from the trial court's judgment and raises three assignments of error for this Court's review.  Because it is dispositive of the appeal, we will address his second assignment of error first.

II.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [N.C.] BY DENYING HIS SEALING APPLICATION WITHOUT FINDING A LEGITIMATE GOVERNMENTAL NEED TO MAINTAIN THE RECORDS, WEIGHING THAY (SIC) NEED AGAINST [N.C.'S] INTERESTS, AND THEN DETERMINING THAT THIS NEED OUTWEIGHS HIS INTERESTS IN DEROGATION OF R.C. 2953.52(B).

{¶6}    In his second assignment of error, N.C. argues that the trial court erred in denying his motion to seal because it failed to find a legitimate governmental need to maintain the records which outweighed N.C.'s interests in having the records sealed, in accordance with R.C. 2953.52(B)(4).

{¶7}    "'Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from the denial of an application to seal a record of conviction.'" *State v. A.V.*, 9th Dist. Lorain No. 19CA011517, 2020-Ohio-3519, ¶ 8, quoting *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 6.  When a case turns upon the interpretation of the sealing statutes, this Court employs a de novo standard of review.  *Id.*, citing *Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6.  If the matter in dispute concerns the court's discretion, however, such as its conclusion that the evidence does not weigh in favor of sealing the record, then an abuse of discretion standard applies.  *See A.V.* at ¶ 8.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying an abuse of discretion standard, a

reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} It is well-established that the sealing of a criminal record is an "act of grace created by the state" and is a "privilege, not a right." *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11. The sealing of criminal records spares former defendants "the economic, social, and legal consequences which might accompany routine handling of the records in question * * *." *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378 (1981). Different statutes govern the sealing of criminal records: R.C. 2953.32 et seq. control the sealing of records after conviction, while R.C. 2953.52 et seq. control the sealing of records after non-conviction dispositions, e.g., findings of not guilty, dismissals, and no bills. The sealing statutes are remedial in nature, so they must be liberally construed to promote their purpose and assist the parties in obtaining justice. *See State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11 and *Barker v. State*, 62 Ohio St.2d 35, 42 (1980). Because sealing proceedings are non-adversarial, the Rules of Evidence do not apply. *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 8. The primary purpose of a sealing hearing is the gathering of information in order to provide the trial court with all the relevant information regarding the applicant's compliance with the sealing criteria. *Id.*, citing *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996).

{¶9} R.C. 2953.52(A)(1) provides in relevant part that, "[a]ny person, * * * who is the defendant named in a dismissed * * * indictment * * *, may apply to the court for an order to seal the person's official records in the case." R.C. 2953.52(B) then provides as follows:

> (1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court *shall* do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) *Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records*.

(3) If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed with prejudice, or that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent seal or cause to be sealed the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. The determinations and considerations described in divisions (B)(2)(b), (c), and (d) of this section do not apply with respect to a determination of the court described in this division.

(4) The determinations described in this division are separate from the determination described in division (B)(3) of this section. If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, or that a no bill was returned in the case and that the appropriate period of time has expired from the date of the report to the court of the no bill by the foreperson or deputy foreperson of the grand jury; that no criminal proceedings are pending against the person; *and the interests of the person in having the records*

> ***pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records***, or if division (E)(2)(b) of section 4301.69 of the Revised Code applies, in addition to the order required under division (B)(3) of this section, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section 2953.53 of the Revised Code, the proceedings in the case be deemed not to have occurred.

(Emphasis added.)  This Court has stated that, by including the phrase "if any" in R.C. 2953.32,[1] the General Assembly has recognized that the State may have no interest in maintaining an applicant's records in some cases.  *State v. Wyatt*, 9th Dist. Summit No. 25775, 2011-Ohio-6738, ¶ 15; R.C. 2953.52(B)(2)(d).

{¶10}  There is no dispute between the parties in this case that the indictment against N.C. was dismissed without prejudice, the relevant statute of limitations has expired, and no criminal proceedings were pending against N.C.  *See* R.C. 2953.52(B)(2)(a)-(b).  In addition, while N.C. challenges the objection filed by the prosecutor on other grounds in a separate assignment of error, a written objection was nonetheless filed in this matter.  *See* R.C. 2953.52(B)(2)(c).

{¶11}  It is the defendant's burden to demonstrate that his interest in having the records sealed is equal to or greater than the government's interest in maintaining those records.  *N.C. II*, 2020-Ohio-777, at ¶ 16; *A.V.*, 2019-Ohio-1037, at ¶ 9.  This burden is met by presenting evidence or testimony supporting the application, as the trial court must have evidence or testimony upon which to base its sealing decision.  *A.V.*, 2019-Ohio-1037, at ¶ 9.  A trial court

---

[1] "The Ohio Supreme Court and this Court, along with other sister districts, have recognized that the provisions of R.C. 2953.52 and R.C. 2953.32 are analogous."  *A.V.*, 2019-Ohio-1037, ¶ 9, fn. 3 (citing cases).

must then provide sufficient information in its decision to enable a reviewing court to ascertain whether it has considered *all matters* that must be evaluated and whether it has applied the correct tests under the statute. *State v. Smith*, 9th Dist. Medina No. 13CA0043-M, 2014-Ohio-2232, ¶ 16. In denying an application to seal records pursuant to R.C. 2953.52, a trial court must make the necessary findings as required by R.C. 2953.52(B)(2) and weigh the interests of the parties to the sealing. *See State v. Widder*, 146 Ohio App.3d 445, 448 (9th Dist.2001).

{¶12} At the sealing hearing, N.C. testified that the dismissed pandering case has "definitely hindered [his] life" and frustrated his attempts to obtain employment. He testified that a certain stigma is attached to pandering charges, regardless of his case having been dismissed. According to N.C., one potential employer—an attorney known only as "Joseph"—learned of the pandering case and "basically[] told [him] to get the F out of his office." On cross-examination, N.C. admitted that he only applied for the one internship with Joseph before another employer agreed to hire him as a printer's assistant. According to N.C., the second employer hired him based on a recommendation from N.C.'s uncle, presumably without doing a background check.

{¶13} In its journal entry denying the motion to seal, the trial court acknowledged N.C.'s testimony regarding the missed employment opportunity with Joseph, but the court found that testimony to be "unbelievable." The court further found "[t]he other information" presented at the hearing—specifically, arguments from N.C.'s attorney—to be sincere, yet speculative and "not entitled to any significant weight." *See A.V.*, 2019-Ohio-1037, at ¶ 9 ("[C]ounsel's oral arguments at the sealing hearing do not serve as evidence."). Yet, while the trial court was certainly within its discretion to find N.C.'s testimony as to the lost internship not credible—*see State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus ("[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts")—it appears from the

record that the court did not consider and weigh *all* of the testimony presented by N.C. at the hearing. In its journal entry, the court recounted the supporting evidence offered by N.C., specifically referencing only the testimony regarding the effect the records had on N.C.'s employment. Noticeably absent from the entry, however, is any mention of N.C.'s testimony as to the negative effect these records would have on his future educational endeavors. *See A.V.*, 2019-Ohio-1037, at ¶ 15 ("Generally, evidence about the applicant's career goals and the applicant's efforts to achieve those goals is relevant in weighing the applicant's interest against the government's interest."). N.C. testified that, by the end of the year, he would be graduating from college with three bachelor's degrees and a 3.9 grade point average. According to N.C., he intended to then apply for acceptance into a Master's program, but his college counselor ("A.M.B."), who is also a retired attorney, informed him that his pandering case will come up in a background check and that hearings would be held to determine whether he would be accepted into the program. A.M.B. advised N.C. that he "need[s] to get this sealed" before graduation. N.C. also testified that, in 2010, his former college "[threw] him out for this [case]" and "wouldn't let [him] back in." He testified that his current college agreed not to hold the charges against him because they were dismissed, but only after two hearings were held on the matter. Nevertheless, A.M.B. explained to him "that won't be the case when [he applies] to a Master's program[] where it would be more of a serious background check." While this testimony was somewhat extensive at the hearing, it is unclear from the record whether the court considered and weighed it.

{¶14} In its written objection, the State reiterated that sealing is a privilege, not a right, and argued that the government has a substantial interest in preserving the public's safety by maintaining N.C.'s records and in providing the police with all relevant information in the event they interact with N.C. in the future. *But see, e.g.,* R.C. 2953.32(D) (permitting the inspection of

sealed records by law enforcement officers and agencies in certain situations). At the hearing, the prosecutor contended that N.C.'s interests in having the records sealed were not outweighed by the State's legitimate need to maintain the records. He explained that the "awful, awful child pornography" found on N.C.'s computer was "the worst [he has] ever seen[,]" involving "orgies with little boys and men[,]" and that the State has an interest in keeping these types of offenses "available so that [it] can go back and look and see who this person is." While these materials indeed sound horrific and disturbing, we must remain cognizant that all of N.C.'s convictions in this case were vacated and the charges were dismissed after the State chose not to pursue a retrial. While this disposition does not necessarily *require* sealing of the records, we are compelled to echo the astute words of our sister court in the First District: "In America, people are presumed innocent unless tried and convicted[,]" and when they are found not guilty (or the charges against them are dismissed) "they have not lost the presumption of innocence." *State v. Garry*, 1st Dist. Hamilton No. C-060976, 2007-Ohio-4878, ¶ 1, 7. Moreover, many Ohio courts have routinely stated that the nature of the offense cannot be the *sole* basis to deny a motion to seal a criminal record. *See State v. Gaines*, 6th Dist. Huron No. H-20-009, 2021-Ohio-1439, ¶ 21; *State v. Dewey*, 11th Dist. Ashtabula No. 2020-A-0036, 2021-Ohio-1005, ¶ 14; *State v. W.C.*, 8th Dist. Cuyahoga No. 105353, 2018-Ohio-1182, ¶ 14; *State v. Spicer*, 1st Dist. Hamilton Nos. C-040637 and C-040638, 2005-Ohio-4302, ¶ 9; *State v. Bates*, 5th Dist. Ashland No. 04COA041, 2005-Ohio-967, ¶ 15. *See also State v. M.J.*, 11th Dist. Ashtabula No. 2018-A-0046, 2019-Ohio-1420, ¶ 22-23 (determining that an objection to sealing based solely on the severity of the facts and circumstances of the case does not highlight a *legitimate* need to deny sealing, and that the state is required to set forth a legitimate basis *other than* the circumstances and nature of the crime to provide the court with the necessary evidence to conduct the weighing process). The prosecutor further argued at

the hearing that the community has a "need to know" and that the public would want employers to "delve into that and make their own decision." While some courts have certainly found the public's "need to know" of a defendant's criminal record to be a legitimate governmental need to be balanced against the defendant's interests, *see, e.g., State v. Sass*, 11th Dist. Trumbull No. 2014-T-0019, 2014-Ohio-4745, ¶ 22, we must again note that the charges against N.C. were all dismissed.

{¶15} In reaching its decision to deny N.C.'s motion to seal, the trial court ultimately found that: "[N.C.] has not demonstrated that his need in having the records sealed outweighs or is equal to the need of the State in having the records not sealed." Despite this conclusion, we cannot discern from the record whether the court considered and weighed all of N.C.'s evidence, in particular his extensive testimony that he would soon face certain challenges in applying for acceptance into a Master's program. *See Smith* at ¶ 16 (requiring sufficient information in the court's decision to enable a reviewing court to ascertain whether it has considered all matters that must be evaluated). Furthermore, the court only briefly noted a general opposition to sealing N.C.'s records and stated that the State "did not offer any witnesses" at the hearing. The court made no mention of any legitimate, governmental interests offered by the State, which leads us to question what, if anything, the court weighed on the government's side. *See, e.g., Wyatt*, 2011-Ohio-6738, at ¶ 15.

{¶16} For these reasons, we are constrained to conclude that the trial court abused its discretion in weighing the parties' interests and in determining N.C. had not demonstrated that his interests in having his records sealed outweighed or were equal to the State's interests, if any, in keeping the records unsealed. Accordingly, we must reverse and remand the matter back to the trial court, so that it may properly weigh the interests of both parties pursuant to R.C.

2953.52(B)(4) and then determine whether N.C. met his burden of demonstrating that his interest in having the records sealed is equal to or greater than the government's interest, if any, in maintaining those records. *See N.C. II*, 2020-Ohio-777, at ¶ 16; *A.V.*, 2019-Ohio-1037, at ¶ 9.

{¶17} N.C.'s second assignment of error is sustained.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED TO THE PREJUDICE OF [N.C.] BY *SUA SPONTE* HALTING THE SEALING HEARING, OVER APPELLANT'S OBJECTION, IN ORDER TO ALLOW THE STATE TO FILE WRITTEN OBJECTIONS TO [N.C.'S] SEALING APPLICATION IN DEROGATION OF R.C. 2953.52(B)(1).

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [N.C.'S] APPLICATION TO SEAL HIS DISMISSED CASE.

{¶18} In his first and third assignments of error, N.C. argues that the trial court erred and abused its discretion in continuing the March 22, 2017, sealing hearing, over his objection, to allow the State to file written objections.

{¶19} Because we have already sustained N.C.'s second assignment of error, and the matter is to be remanded back to the trial court, we conclude that these assignments of error are not properly before us at this time, and we decline to address them. *See N.C. II*, 2020-Ohio-777, at ¶ 19.

III.

{¶20} N.C.'s second assignment of error is sustained. We decline to address his first and third assignments of error as they are not properly before us at this time. The judgment of the Summit Count Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.