DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Alisa Stringer, appeals from the trial court's denial of her application to seal her criminal record. This Court reverses.
 I {¶ 2} On October 22, 2003, a grand jury indicted Stringer on one count of burglary, a felony of the third degree. Stringer's burglary charge stemmed from her forced entry into a neighbor's apartment. Stringer confronted her neighbor, with whom she had a strained relationship, after being informed that the neighbor once again had called the police to file a noise complaint because of Stringer's children. During the confrontation, Stringer noticed rabbit cages in the neighbor's apartment and pushed her cell phone through the doorway to take pictures of the cages. The neighbor grabbed Stringer's cell phone and a struggle ensued. Stringer's neighbor was injured as a result of the altercation. On March 17, 2004, the matter proceeded to a jury trial. The jury found Stringer not guilty of the third-degree felony, but guilty *Page 2 
of the lesser-included offense of burglary, a felony of the fourth-degree. The trial court sentenced Stringer to one year in prison. Stringer appealed from her conviction, and this Court affirmed her conviction on direct appeal. State v. Stringer, 9th Dist. No. 04CA0032-M, 2004-Ohio-6543.
 {¶ 3} On March 13, 2008, Stringer filed an application to seal her criminal record. The State did not file a response to Stringer's application. On April 28, 2008, the trial court held a hearing on Stringer's application. The trial court denied the application on April 30, 2008. Stringer now appeals from the trial court's denial of her application and raises two assignments of error for our review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO MAKE THE NECESSARY FINDINGS BEFORE RULING ON APPELLANT'S MOTION FOR EXPUNGEMENT."
 {¶ 4} In her first assignment of error, Stringer argues that the trial court erred in summarily ruling on her application without any explanation of its reasoning. Specifically, Stringer argues that she did not receive a full and fair hearing pursuant to R.C. 2953.32(C)(1). We agree.
 {¶ 5} In State v. Futrall, this Court held that:
 "[E]xpungement is an act of grace created by the state, and so is a privilege, not a right. Expungement should be granted only when all requirements for eligibility are met. State v. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton (1996), 75 Ohio St.3d 636, 639. This Court reviews an order granting or denying an application to seal a record of conviction for an abuse of discretion. State v. Jett, 9th Dist. No. 22299, 2005-Ohio-1277, at ¶ 5; State v. Gilchrist (Dec. 7, 1994), 9th Dist. No. 16800, at *1. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable-not merely an error of law or judgment. See State v. Adams
(1980), *Page 3 62 Ohio St.2d 151, 157." (Internal quotations omitted.) State v. Futrall, 9th Dist. No. 08CA009388, 2008-Ohio-5654, at ¶ 6.
R.C. 2953.32(A)(1) permits a first time felony offender to apply for the sealing of his record after the expiration of three years. In considering the offender's application, the trial court shall:
 "(a) Determine whether the applicant is a first offender ***[;]
 "(b) Determine whether criminal proceedings are pending against the applicant;
 "(c) *** [Determine whether the applicant has been rehabilitated to the satisfaction of the court;
 "(d) If the prosecutor has filed an objection ***, consider the reasons against granting the application specified by the prosecutor in the objection;
 "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1).
Yet, "there is no requirement that the court set forth its reasoning when granting or denying an expungement." State v. Smith, 9th Dist. No. 23717, 2007-Ohio-7055, at ¶ 12, quoting State v. Krutowsky, 8th Dist. No. 81545, 2003-Ohio-1731, at ¶ 14.
 {¶ 6} At the expungement hearing, the trial court determined that Stringer had one conviction for fourth-degree felony burglary, which qualified her as a first offender. Stringer's attorney informed the court that Stringer did not have any pending charges against her and that she was maintaining a job as a Director of the Olmsted Chamber of Commerce. Stringer's attorney also briefly noted that Stringer was interested in seeking better employment, but that her conviction was impeding her job search. For the remainder of the hearing, the trial court questioned Stringer about her burglary conviction and the conduct that had resulted in that conviction. Stringer repeatedly indicated that she admitted to committing a crime, regretted doing so, and that the crime resulted from a lack of judgment on her part. It would appear from the transcript of the expungement hearing, however, that the trial court was not satisfied with *Page 4 
Stringer's responses. The trial court repeatedly told Stringer that it wanted "to know what happened." Stringer admitted that she had entered the victim's home and had engaged in an altercation with the victim, but the trial court told Stringer that she still had yet to "stand[] up and say[] what [she] did." The trial court did not explain what it meant by this statement. When Stringer stated "I will try to give you my answer or —" the trial court stated "Ma'am, you don't have to do a thing." The transcript contains several similar instances of Stringer not completing her statements. It is unclear from the transcript whether the trial court interrupted Stringer's responses or whether she stopped speaking midsentence several times.
 {¶ 7} The trial court never questioned Stringer beyond asking her about her burglary conviction. Furthermore, the State's sole input at the expungement hearing was to ask the court to deny Stringer's application. The State did not explain why it felt that Stringer's application should be denied, much like it did not file any objection to Stringer's application to seal her record. See R.C. 2953.32(C)(1)(d). There was no discussion on the record whatsoever of Stringer's rehabilitative efforts, if indeed there were any, or what the government's interests in maintaining Stringer's record might be. See R.C. 2953.32(C)(1)(c)-(e). The entire transcript of Stringer's hearing spans just over five pages. While we recognize that a trial court is not required to set forth its reasoning in denying an expungement, it is impossible to determine from the transcript of Stringer's extremely brief hearing whether she received a full and fair hearing before the trial court denied her application. See, e.g. Smith at ¶ 10 (concluding that applicant did not receive a full and fair hearing because the court refused to allow the applicant to explain or deny the allegations that he had lied about having only one conviction). One cannot discern whether the trial court permitted Stringer to fully explain her responses, or whether Stringer simply gave very brief responses that the trial court found to be evasive and disingenuous. The *Page 5 
trial court limited both its oral ruling at the hearing and its journal entry to indicating that Stringer's application was denied. Based solely upon the transcript before us, we cannot say that Stringer's hearing amounted to a full and fair hearing upon which the trial court could exercise its discretion to deny Stringer's application in accordance with R.C. 2953.32(C)(1). Accordingly, Stringer's first assignment of error has merit.
 Assignment of Error Number Two "THE COURT'S DENIAL OF APPELLANT'S MOTION FOR EXPUNGEMENT WAS ERRONEOUS AND AN ABUSE OF DISCRETION."
 {¶ 8} In her second assignment of error, Stringer argues that the trial court abused its discretion in denying her application based on her individual circumstances. Specifically, Stringer argues that her criminal record consists of a single conviction, she expressed remorse for her crime, and her behavior warrants the expungement. Based on our determination of Stringer's first assignment of error, this assignment of error is moot, and we decline to address it. See App. R. 12(A)(1)(c).
 III {¶ 9} Stringer's first assignment of error is sustained. Her second assignment of error is moot. The judgment of the Medina Court of Common Pleas is reversed and remanded for further proceedings consistent with the foregoing opinion.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
MOORE, P. J., BELFANCE, J. CONCUR. *Page 1