[Cite as *State v. Moore*, 2012-Ohio-4483.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 2012CA00047 |
| MICHAEL ANTHONY MOORE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of
                               Common Pleas, Case No. 2010CR1438



JUDGMENT:                      AFFIRMED



DATE OF JUDGMENT ENTRY:        September 24, 2012



APPEARANCES:

For Appellant:                        For Appellee:

FRANK L. BEANE                        JOHN D. FERRERO, JR.
306 Market Ave. North                 STARK COUNTY PROSECUTOR
Renkert Building Ste. 1012            KATHLEEN O. TATARSKY
Canton, OH 44702                      110 Central Plaza South, Suite 510
                                      Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Michael Anthony Moore appeals from the judgment entry of the Stark County Court of Common Pleas overruling his application to seal the record of a criminal case in which he was found not guilty. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case arose on October 15, 2010 when appellant was charged by indictment with one count of rape pursuant to R.C. 2907.02(A)(2), a felony of the first degree. Appellant entered a plea of not guilty and the case proceeded to trial by jury. Upon conclusion of the trial, appellant was found not guilty.

{¶3} On December 7, 2010, appellant moved to seal all official records pursuant to R.C. 2953.52. The motion stated the following, *in toto*:

"Now comes the Defendant by and through Counsel and moves this Honorable Court pursuant to section 2953.52, Ohio Revised Code, for an Order sealing any and all official records of Defendant's arrest in the above-entitled case.

On November 22, 2010 the Defendant went to trial on the charge for which he was arrested and found "Not Guilty" on November 23, 2010 and the verdict was docketed on December 1, 2010. (See Exhibit A)."

{¶4} Appellant's attached Exhibit A consisted of the judgment entries of the trial court journalizing the not guilty finding.

{¶5} Appellee objected and the matter was set for hearing. The trial court ultimately overruled appellant's application to seal without a hearing. Appellant then appealed the ruling to this Court; appellee conceded a hearing must be held and we

remanded the matter to the trial court for a hearing. See, *State v. Moore*, 5th Dist. No. 2011CA00058, 2011-Ohio-6611.

{¶6}   An evidentiary hearing was scheduled for February 1, 2012. The matter was taken under advisement and the trial court overruled the application to seal the record in a judgment entry dated February 3, 2012.

{¶7}   Appellant now appeals from this judgment entry overruling his application to seal the record.

{¶8}   Appellant raises one Assignment of Error:

{¶9}   "I.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S APPLICATION TO SEAL HIS RECORD OF ARREST FOR RAPE AFTER HE WAS FOUND 'NOT GUILTY' BY JURY, AND HAD NO PRIOR ARREST NOR CONVICTION OF A SEX OFFENSE OF ANY NATURE."

I.

{¶10} Appellant argues in his sole assignment of error the trial court abused its discretion in overruling his application to seal the record of the rape case in which he was found not guilty. We disagree.

{¶11} We first note appellant did not file the transcript of the hearing below on his application to seal. In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶12} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶13} In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶14} Appellant has not provided a transcript of the hearing on his application which began on February 1, 2012. Without a transcript, we must presume the regularity of the trial court's proceeding on the motion. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2.

{¶15} In the interest of justice, despite the lack of transcript of the hearing, we have reviewed the trial court's judgment entry in this matter and note the trial court found appellant failed to meet his burden by producing any evidence demonstrating his need or interest in sealing the records, either in his written application or at the hearing. As the Tenth District Court of Appeals held in *State v. Newton*, the trial court does not abuse its discretion in denying an application which fails to set forth any specific need and merely states the defendant meets all of the requirements of R.C. 2953.52 and fails the defendant does not present any evidence at hearing supporting the defendant's interest in sealing the records. 10th Dist. Nos. 01AP-1443, 01AP1444, 2002-Ohio-5008, ¶ 9. The mere fact of an acquittal does not require the sealing of records. Id.

{¶16} The sealing of criminal files and expungement of criminal records is a privilege, not a right, and the decision whether to grant or deny an application rests within the sound discretion of the trial court. *State v. Haney*, 70 Ohio App.3d 135, 138, 590 N.E.2d 445 (1991). The burden rests with petitioner to demonstrate the motion should be granted. *Id.* Upon filing an application to seal pursuant to R.C. 2953.52, the trial court is required to hold a hearing to (1) determine whether the applicant was found not guilty; (2) determine whether criminal proceedings are pending against the applicant; (3) consider any objections of the prosecutor; and (4) weigh the interest of the applicant in sealing the records against the legitimate interest, if any, of the government in maintaining the record. *State v. C.R.*, 10thDist. No. 11AP-411, 2011-Ohio-6567 ¶ 6.

{¶17} Appellant's application in the trial court can best be described as summary, and the record does not contain evidence sufficient to find appellant met the requirements of R.C. 2953.52. Absent a transcript of the hearing before the trial court, however, we must presume the regularity of the proceedings below, and we are therefore unable to find the trial court's decision was unreasonable, arbitrary, or unconscionable. See also, *State v. L.M.*, 8th Dist. No. 94896, 94897, 2010-Ohio-5614; *State v. Buzzelli*, 9th Dist. No. 3145-M, 2001-Ohio-1634.

{¶18} Appellant's sole assignment of error is therefore overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


PAD:kgb

[Cite as *State v. Moore*, 2012-Ohio-4483.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL ANTHONY MOORE | : | |
| | : | |
| | : | Case No. 2012CA00047 |
| Defendant-Appellant | : | |

 

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

 

_____
HON. PATRICIA A. DELANEY

 

_____
HON. W. SCOTT GWIN

 

_____
HON. WILLIAM B. HOFFMAN