[Cite as *State v. Brown*, 2025-Ohio-2018.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| JORDON J. BROWN | : | Case No. 2024 CA 00044 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Municipal Court, Case No. 23-CRB-01095

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 4, 2025

APPEARANCES:

For Plaintiff-Appellee

JOSEPH M. SABO
136 West Main Street
P.O. Box 1008
Lancaster, OH 43130

For Defendant-Appellant

SAMUEL H. SHAMANSKY
ASHTON C. GAITANOS
523 South Third Street
Columbus, OH 43215

*King, J.*

{¶ 1}   Defendant-Appellant Jordan J. Brown appeals the October 2, 2024 judgment of the Fairfield County Municipal Court which denied his application to seal the record of a criminal case against him after it was dismissed. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 21, 2023, following an incident with his girlfriend L.P., Brown was charged by complaint in municipal court case number CRB 2301095 with one count of domestic violence and one count of menacing, misdemeanors of the fourth degree.

{¶ 3}   On February 9, 2024, following negotiations with the State, the State agreed to dismiss the charges without prejudice in exchange for Brown's agreement to sign a two-year domestic violence civil protection order (CPO) naming L.P. as the protected party. Brown signed the protection order on February 9, 2024. The CPO was filed in the Fairfield County Court of Common Pleas, case number 24 DV 008. Thereafter, the State dismissed case number CRB 2301095 without prejudice.

{¶ 4}   On March 28, 2024, Brown filed a motion to seal case number CRB 2301095. On April 1, 2024, the State filed a memorandum on opposition. On July 25, 2024, the trial court held a hearing on the matter. After hearing the arguments of the parties, the trial court requested that the parties file closing briefs and took the matter under advisement.

{¶ 5}   On October 2, 2024 the trial court denied Brown's application for sealing, finding the interests of Brown were outweighed by a legitimate governmental need to maintain the record.

{¶ 6} Brown filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S APPLICATION TO SEAL THE RECORD OF HIS DISMISSED CRIMINAL CASE."

{¶ 8} In his sole assignment of error, Brown argues the trial court abused its discretion by denying his motion to seal case number CRB 2301095. We disagree.

Applicable Law

{¶ 9} R.C. 2953.33 governs applications to seal official records and provides in relevant part:

> (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal or, except as provided in division (C) of this section, expunge the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
>
> . . .

(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The court shall hold the hearing not less than forty-five days and not more than ninety days from the date of the filing of the application. The prosecutor may object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

. . .

(e) Weigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records.

(3) If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed with prejudice, that the complaint, indictment, or information in the case was dismissed without prejudice and that the relevant statute of limitations has expired, or the individual was granted by the governor an absolute and entire pardon, a partial pardon, or a pardon upon conditions precedent or subsequent that have been met, the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent expunge or seal or cause to be sealed, as applicable, the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. The determinations and considerations described in divisions (B)(2)(b), (c), and (e) of this section do not apply with respect to a determination of the court described in this division.

{¶ 10} The sealing of criminal files and the expungement of criminal records "is a privilege, not a right." *State v. Moore*, 2012-Ohio-4483 (5th Dist.) ¶ 16. The applicable standard of review in this matter is abuse of discretion. *State v. Calderon*, 2010-Ohio-2807, ¶ 6 (9th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process that would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

Brown's Application for Sealing

{¶ 11} During the hearing in this matter, Brown testified he had no pending criminal charges, that the charges in the instant matter had been dismissed, and any obligations related to this matter had been met. Transcript of hearing (T.) 5-6. He testified he had been employed by Caldo Concrete for four years and desired to seal his record because it "looks bad professionally" and he desired to move on to a superintendent position at some point. T. 6. According to Brown, such a position would require a background check. *Id.* Brown admitted, however, that he had not attempted to obtain any promotion or advancement, nor had he received any indication from his employer that having a dismissed charge on his record would impact his ability to advance his career. T. 7.

{¶ 12} The State argued it had a strong governmental interest in maintaining the record of this case for the two-year period that the CPO was in effect in the event Brown violated that order, or either party attempted to modify or dismiss the CPO. T. 9-10. It further indicated this incident was not the first between Brown and the victim. *Id.* Brown did not challenge the State's indication that there was prior law enforcement involvement with Brown and the victim.

{¶ 13} Brown argued any breach of the CPO had its own remedy in that he could be charged with violating the CPO and therefore the State's reasoning for maintaining the record was "speculative and not related." T. 11. He further argued the record would hinder his professional advancement, but admitted he had not sought advancement. T. 6-7.

{¶ 14} The trial court noted its concern that if it granted Brown's application to seal the record, Brown could ask the Court of Common Pleas to modify or dismiss the CPO before the two-year term expired, leaving the State no recourse even though the matter had been dismissed without prejudice. T. 12-16, 25. The State indicated that because the CPO was a condition of the dismissal, there was no hearing conducted before the CPO was issued, and therefore no record in the Court of Common Pleas as to why it was issued. T. 18-21, 26-27. As of the date of the hearing, the relevant statute of limitations had not run. The State had nearly a year to refile the charges against Brown if it so chose, but an additional year beyond that before the CPO expired. T. 30.

{¶ 15} Each party made the same arguments in the closing briefs requested by the trial court and here on appeal.[1] The trial court's judgment entry denying Brown's

---

[1] Brown adds an additional argument here on appeal that there is no governmental interest in ensuring the CPO remains in effect for two years because that interest is private, rather than governmental; i.e. it was entered into by two private individuals in a separate court. Brown did not raise this argument below and it will therefore not be addressed here.

application to seal his record stated "[t]he interests of the applicant are outweighed by a legitimate governmental need to maintain the records at issue."

{¶ 16} The abuse of discretion hurdle is difficult to clear. Brown's mere disagreement with the trial court, without a showing that the trial court's decision was unreasonable, arbitrary, or unconscionable, does not amount to a showing of an abuse of discretion. The record reflects the trial court heard the arguments of the parties, requested closing briefs, and took the matter under advisement before it rendered a reasonable decision based on the unique facts of this case. Accordingly, the sole assignment of error is overruled.

{¶ 17} The judgment of the Fairfield County Municipal Court is affirmed.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.