[Cite as *State v. Tysinger*, 2026-Ohio-199.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0067 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2024-0695 |
| JARED G. TYSINGER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry:  January 22, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; David M. Gormley, Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; SCOTT P. WOOD, for Defendant-Appellant.

*King, P.J.*

{¶ 1}  Defendant-Appellant, Jared G. Tysinger, appeals the June 24, 2025 judgment entry of the Muskingum County Court of Common Pleas denying his application to seal records.  Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On October 30, 2024, the Muskingum County Grand Jury indicted Tysinger on two counts of gross sexual imposition in violation of R.C. 2907.05.  A jury trial commenced on April 8, 2025.  The jury found Tysinger not guilty of both charges.

{¶ 3}  On April 24, 2025, Tysinger filed an application to seal/expunge records of the charges under R.C. 2953.33; the prosecutor filed an objection.  A hearing was held on June 23, 2025.  The trial court denied the application, finding the state's interest in

keeping the records open outweighed Tysinger's interest in sealing them. The trial court journalized its denial in a judgment entry filed June 24, 2025.

{¶ 4} Tysinger filed an appeal with the following assignment of error:

I

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPLICATION TO SEAL RECORDS AFTER A NOT GUILTY VERDICT BY A JURY."

I

{¶ 6} In his sole assignment of error, Tysinger claims the trial court abused its discretion in denying his application to seal his records after a not guilty finding. We disagree.

{¶ 7} Our standard of review in this case is whether the trial court abused its discretion. *State v. Calderon*, 2010-Ohio-2807, ¶ 6 (9th Dist.), citing *State v. Singer,* 2009-Ohio-909, ¶ 5 (9th Dist.) ("If the matter in dispute concerns the court's discretion, such as its conclusion that the evidence does not weigh in favor of expungement, then an abuse of discretion standard applies"); *accord State v. Brown*, 2025-Ohio-2018, ¶ 10 (5th Dist.). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the

issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* We note the sealing/expungement of criminal records "is a privilege, not a right." *State v. Moore*, 2012-Ohio-4483, ¶ 16 (5th Dist.).

{¶ 8}   Under R.C. 2953.33(A)(1), "[a]ny person, who is found not guilty of an offense by a jury or a court . . . may apply to the court for an order to seal or . . . expunge the person's official records in the case."   Tysinger filed his application without any reasons other than he was found not guilty of the charges, he did not have any criminal charges currently pending against him, and his interest in sealing the records was not outweighed by any legitimate governmental interest in keeping the records open.   The prosecutor filed an objection, arguing the following:

> The State's interests in maintaining the record in this case greatly outweighs any interest applicant may assert.   Should defendant face charges in the future, the records would provide the Court and law enforcement agencies with valuable information.   It is well established that when an applicant is sentenced, courts can consider offenses that have not resulted in a conviction or charge because courts should have "the fullest information possible concerning the applicant's life and characteristics." These records are essential in the functioning of the judicial system because the records provide a thorough history of applicant's contact with the criminal justice system, thereby allowing the court to understand the applicant's history.   (Citations omitted.)

Finally, the public has a legitimate interest in examining criminal records. As more and more businesses are concerned about the safety and security of their employees, criminal records checks allow employers to determine whether a prospective employee has had contact with the criminal justice system. . . . By maintaining legitimate public access to the record, future employers would at least be able to question applicant about the case and the facts underlying the charges.

{¶ 9} Under R.C. 2953.33(B)(2)(c), the trial court shall "consider the reasons against granting the application specified by the prosecutor in the objection." The trial court shall also "[w]eigh the interests of the person in having the official records pertaining to the case sealed or expunged, as applicable, against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.33(B)(2)(e). Under subsection (B)(4):

If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case . . . ; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed or expunged, as applicable, are not outweighed by any legitimate governmental needs to maintain such records, . . . the court shall issue an order directing that all official records pertaining to the case be sealed or expunged, as applicable, and that, except as provided in section 2953.34 of the Revised Code, the proceedings in the case be deemed not to have occurred.

{¶ 10} During the hearing, Tysinger argued four reasons for having his records sealed:

{¶ 11} 1) Although he is employed, he is concerned if that employment should terminate, the charges could prejudice his application in the future.

{¶ 12} 2) He is worried he could have similar consequences for potential attempts to gain housing in the future.

{¶ 13} 3) He is interested in having an active role in his children's lives and the charges could prejudice him in future custody matters.

{¶ 14} 4) He would like to take an active role in his children's extracurriculars, like being a coach, and the charges could affect his chances to do so.  June 23, 2025 T. at 4.

{¶ 15} The prosecutor reiterated the arguments contained in the filed written objection (*Id.* at 5):

> In the motion that the State put - - or the memorandum in opposition, the government interest here would be, you know, if there ever came a future day where there was future criminal, civil issues, this information provides insight as to the underlying records which law enforcement relies on, the type of conduct that that Court or that tribunal could find interesting or useful in crafting an appropriate order in the future or conducting a future investigation.  So that's the government interest.

{¶ 16} We note the prosecutor's argument is a nullity given the statutory language of R.C. 2953.34. This section lists thirteen different instances for the inspection of sealed records by certain individuals in certain circumstances, including law enforcement, prosecutors, and the bureau of criminal identification for criminal records checks. The governmental interest as argued by the prosecutor is alleviated by this statute.

{¶ 17} The trial court inquired about Tysinger's employment and his criminal record. June 23, 2025 T. at 6-7. Tysinger was employed for the past six months, maybe longer. *Id.* at 6. He had a criminal record for falsification, obstructing, domestic violence, and multiple driving violations. *Id.* at 6-7. The trial court denied the application, stating: "As I said, I am going to deny your motion based upon the fact I think the State's interest outweighs your interest at this point because you're gainfully employed and you have other - - other criminal record, other criminal offenses on your record. That will be all." *Id.* at 7-8.

{¶ 18} The abuse of discretion standard is a high hurdle to clear. While we acknowledge the trial court's reasoning is brief, we do not find the trial court abused its discretion in denying the application. Tysinger is gainfully employed and has not shown any problems with housing and participating in his children's lives; his preexisting criminal record could very well affect his four areas of concern. If in the future Tysinger is able to demonstrate an adequate change in circumstances due to the charges he was found not guilty of, he could file a second application. Although we may have ruled differently on Tysinger's application, we cannot find the trial court's decision is unreasonable, arbitrary or unconscionable.

{¶ 19} We note the trial court's decision is silent as to R.C. 2953.33(B)(3):

(3) If the court determines after complying with division (B)(2)(a) of this section that the person was found not guilty in the case, . . . the court shall issue an order to the superintendent of the bureau of criminal identification and investigation directing that the superintendent expunge or seal or cause to be sealed, as applicable, the official records in the case consisting of DNA specimens that are in the possession of the bureau and all DNA records and DNA profiles. The determinations and considerations described in divisions (B)(2)(b), (c), and (e) of this section do not apply with respect to a determination of the court described in this division.

{¶ 20} However, we further note, "[a]ny DNA specimens, DNA records, and DNA profiles ordered to be sealed or expunged under this section shall not be sealed or expunged if the person with respect to whom the order applies is otherwise eligible to have DNA records or a DNA profile in the national DNA index system." R.C. 2953.33(B)(5).

{¶ 21} The trial court is directed to comply with R.C. 2953.33(B)(3) if it has not done so.

{¶ 22} Upon review, we do not find an abuse of discretion by the trial court in denying Tysinger's application to seal his records.

{¶ 23} The sole assignment of error is denied.

{¶ 24} For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is AFFIRMED.

{¶ 25} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Gormley, J. concur.