[Cite as *State v. Frye*, 2026-Ohio-647.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITY OF BARBERTON | C.A. No.     31625 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MORGAN FRYE | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     13 CRB 1760 |

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1}   Defendant-Appellant, Morgan Frye, appeals the judgment of the Barberton Municipal Court denying his application to seal his record.  This Court affirms.

I.

{¶2}   In January 2014, Frye entered a plea of no contest to one count of criminal trespassing and one count of criminal damaging.  In exchange for his plea, the State moved to dismiss one count of assault.  The trial court accepted Frye's plea, dismissed the assault charge, and found Frye guilty of both criminal trespassing and criminal damaging.

{¶3}   In April 2025, Frye filed an application to seal the record of conviction.  The trial court held a hearing on Frye's application on June 17, 2025.  The State objected to Frye's application on the basis that Frye had two subsequent convictions for domestic violence and a conviction for a reduced charge from an initial domestic violence complaint.  Both domestic violence charges occurred in 2018 and the conviction to the reduced charge occurred in 2021.  The

nature of the reduced charge is unclear from the record. At the end of the hearing, the trial court took the matter under advisement. In an order filed later that same day, the trial court denied Frye's application for sealing.

{¶4} Frye appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN DENYING FRYE'S EXPUNGEMENT APPLICATION.**

{¶5} In his sole assignment error, Frye contends the trial court erred in denying his application for sealing because (1) the trial court failed to comply with R.C. 2953.32, and (2) applied the wrong legal standard when weighing Frye's interest in having his criminal record sealed against the State's interest in maintaining the record. For the following reasons, we overrule Frye's assignment of error.

{¶6} "Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from the denial of an application to seal a record of conviction." *State v. Calderon*, 2010-Ohio-2807, ¶ 6 (9th Dist.). This Court employs a de novo standard of review if the dispute involves the interpretation of the sealing statutes. *Stow v. S.B.*, 2015-Ohio-4473, ¶ 6 (9th Dist.). However, if the matter in dispute concerns the trial court's discretion, such as balancing the applicant's and the government's interests in having the record of conviction sealed, then an abuse of discretion standard applies. *Calderon* at ¶ 6. An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When considering whether a trial court

abused its discretion, an appellate court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} "The sealing of a criminal record . . . is an 'act of grace created by the state.'" (Internal citation omitted.) *State v. Boykin*, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.'" *Boykin* at ¶ 11, quoting *State v. Futrall*, 2009-Ohio-5590, ¶ 6.

{¶8} R.C. 2953.32 governs the sealing of a criminal record after a conviction. "Upon the filing of the application, the trial court must set the matter for a hearing, notify the prosecutor of the hearing, and direct the probation department to 'make inquiries and written reports' regarding the applicant." *State v. A.V.*, 2019-Ohio-1037, ¶ 8 (9th Dist.), citing R.C. 2953.32(B). Sealing proceedings are non-adversarial. *Hamilton* at 640; *see State v. Simon*, 87 Ohio St.3d 531, 533 (2000). "The primary purpose of a sealing hearing is the gathering of information in order to provide the trial court with all the relevant information regarding the applicant's compliance with the sealing criteria." *A.V.* at ¶ 8, citing *Hamilton* at 640; *Simon* at 533. R.C. 2953.32(D)(1) sets forth specific matters the trial court must consider. Relevant to this appeal, a trial court must do each of the following at the hearing:

> (c) Determine whether the applicant has been rehabilitated to the satisfaction of the court;
>
> (d) If the prosecutor has filed an objection in accordance with division (C) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
>
> (e) If the victim objected, pursuant to the Ohio Constitution, consider the reasons against granting the application specified by the victim in the objection;

(f) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed or expunged against the legitimate needs, if any, of the government to maintain those records;

(g) Consider the oral or written statement of any victim, victim's representative, and victim's attorney, if applicable[.]

R.C. 2953.32(D)(1)(c)-(g).

{¶9} R.C. 2953.32(D)(2) provides for an applicant to have his record of conviction sealed if the trial court finds (1) the applicant is an eligible offender, (2) the applicant has no criminal proceedings pending against him, (3) the applicant's interest in having his record sealed are not outweighed by any legitimate governmental need to maintain the record of conviction, and (4) the applicant has been rehabilitated to the satisfaction of the trial court. This Court has long recognized that a trial court is not required to provide detailed reasoning when ruling on applications filed pursuant to R.C. 2953.32. *State v. N.C.*, 2024-Ohio-4739, ¶ 11, 15 (9th Dist.), citing *State v. Stringer*, 2009-Ohio-909, ¶ 5 (9th Dist.). Rather, "[t]he trial court only needed to 'provide sufficient information in its decision to enable a reviewing court to ascertain whether it [had] considered *all matters* that must be evaluated and whether it [had] applied the correct tests under the statute.'" (Emphasis in original.) *N.C.* at ¶ 15, quoting *State v. N.C.*, 2022-Ohio-781, ¶ 11 (9th Dist.).

{¶10} On appeal, Frye first contends the trial court erred because it failed to determine whether Frye had been rehabilitated to the trial court's satisfaction. Frye's argument has no merit.

{¶11} A review of the record shows the trial court never expressly stated "Frye has not been rehabilitated to the trial court's satisfaction." However, the trial court's order denying his application provides sufficient information to show the trial court considered whether Frye had been rehabilitated to its satisfaction and that the trial court found he had not been so rehabilitated. The trial court noted that the State objected to the sealing of Frye's criminal record based on his

subsequent criminal convictions. The trial court then expressly stated that it was "especially concerned" with Frye's domestic violence convictions and indicated a preference for additional "life lived without convictions for violent (or other) offences" before granting an application for expungement. The trial court then stated Frye "may refile an application for sealing or expungement at a more appropriate time if his record so demonstrates a changed life for a longer period of time."

{¶12} Notably, Frye does not set forth an argument on appeal that the trial court abused its discretion when it concluded Frye had not been rehabilitated to the trial court's satisfaction. When an appellant fails to raise an argument in support of his assignment of error, this Court will not create one for him. *See* App.R. 12(A); App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). However, an application for sealing may only be granted when *all* the requirements for eligibility are met. *See Boykin*, 2013-Ohio-4582, at ¶ 11, quoting *Futrall*, 2009-Ohio-5590, at ¶ 6.

{¶13} Therefore, we conclude (1) Frye has failed to show on appeal that the trial court erred when it denied his application to seal his criminal record and (2) we need not address his contention that the trial court applied the wrong legal standard when it weighed Frye's interest in having his criminal record sealed against the State's interest in maintaining the record. *See Boykin* at ¶ 11, quoting *Futrall* at ¶ 6; App.R. 12(A)(1)(c).

{¶14} Frye's sole assignment of error is overruled.

III.

{¶15} Frye's sole assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Prosecuting Attorney, for Appellee.